Carroll,
March 1, 1910.

SNOW, *Ap't*, v. SNOW, *Ex'r*, & a.

A widow is not entitled to dower in woodland of her husband from which he annually cut trees for use at his mill, but which was not occupied by him during the marriage in connection with any farm or tenement.

The annual removal of mature trees from woodland, so managed as not to damage the smaller growth, is not a cultivation of the land which entitles the widow of a deceased owner to dower therein.

PROBATE APPEAL. Transferred from the May term, 1909, of the superior court by *Wallace*, C. J.

The plaintiff's husband was engaged in the lumber business and died seized of a large tract of land on which he grew timber, but he did not occupy the land in connection with any farm or tenement. He never cleared any of the land, but each year removed some of the mature trees. In doing this he tried not to damage the smaller growth, and so managed that he could remove about

the same number of trees each year. He tried to keep all the land covered with growing trees, but never planted any seeds or trees. The court ruled that the plaintiff was not entitled to dower in the land, and she excepted.

*Stephen S. Jewett* and *Arthur F. Means* (of Massachusetts), for the plaintiff.

*Leslie P. Snow*, for the defendants.

YOUNG, J. 1. If, as the plaintiff contends, the land was as much a part of her husband's business as the mill in which he converted the trees into lumber, it does not help her; for it is still woodland which was not occupied in connection with any farm or tenement during the marriage. In other words, it is land in which she is not entitled to dower. P. S., c. 195, s. 4.

2. The contention that the land was in a state of cultivation cannot be sustained. A state of cultivation is the converse of a state of nature (*Johnson* v. *Perley*, 2 N. H. 56), and it is found that the plaintiff's husband had permitted this land to revert to its natural condition long before he married her. If forestry is permitting land to revert to that condition, then forestry is not " cultivation " within the meaning of section 4, chapter 195, Public Statutes. Neither is so removing the trees which have attained their growth as not to damage small ones "cultivation," if that word is given any meaning of which it is fairly capable. In other words, harvesting the crop, no matter how carefully it may be done, is not cultivating the land on which it grows.

3. If a life tenant of this land might continue to manage it in the way Snow did for many years before his death (*Honywood* v. *Honywood*, L. R. 18 Eq. 306), that would not help the plaintiff; for the question is not as to the rights of a life tenant of the land, but whether she is such a tenant. As has been seen, the test to determine that issue is to inquire whether the land was either in a state of cultivation during the marriage, or occupied in connection with a farm or tenement owned by her husband. As to both of these issues, the court found for the defendants.

*Exception overruled.*

All concurred.